IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E: KYLES, | ) | CASE NO. 8:11CV260 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DAVID E. HEINEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On October 24, 2011, the court conducted an initial review of Plaintiff's Complaint and found that the Complaint failed to state a claim upon which relief may be granted. (Filing No. 7.) Specifically, the court dismissed Plaintiff's claims against numerous Defendants, and also gave Plaintiff the opportunity to amend his complaint with respect to his claims against the remaining Defendants. (*Id.* at CM/ECF p. 7.) As set forth below, Plaintiff's Amended Complaint suffers from the same defects as his original Complaint.

First, Plaintiff failed to amend his complaint to set forth specific facts supporting his general allegation that Judges Barrett and Caniglia "totally lacked subject matter jurisdiction over him." See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991),(holding judges are absolutely immune from suits for damages arising from acts in their judicial capacities as long as such actions were not taken in the complete absence of all jurisdiction). Accordingly, the court finds that Judges Barrett and Caniglia are entitled to judicial immunity.

Second, even liberally construed, Plaintiff's Amended Complaint suffers from the same defects as his original Complaint with respect to his claims against Jon Bruning, Martin Conboy, Jonathan Crosby, John Payne, Vaughn Cotton, David Heineman, and the remaining Jane Does. On initial review, the court found that it could not determine which, if any, federally cognizable civil rights Plaintiff alleged to have been deprived by these

Defendants. (Filing No. 7 at CM/ECF pp. 6-7.) In addition, Plaintiff had not set forth sufficient facts for the court to reasonably conclude that Defendants had "violated their oaths of office" or committed "overt acts of conspiracy." (*See Id.* at CM/ECF pp. 29-37.) With respect to these Defendants, Plaintiff still has not set forth enough factual allegations to "nudge[] [his] claims across the line from conceivable to plausible," and his claims "must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). For these reasons, and for the reasons set forth in the court's October 24, 2011, Memorandum and Order, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and is dismissed in its entirety.

IT IS THEREFORE ORDERED that: Plaintiff's Amended Complaint is dismissed without prejudice because it fails to state a claim upon which relief may be granted. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 1st day of February, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.